```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| THE TRANZONIC COMPANIES, *et al.* | ) ) | JUDGE PAUL R. MATIA |
| Plaintiffs | ) ) | CASE NO. 1:04CV2422 |
| -vs- | ) ) ) | MEMORANDUM OF OPINION |
| BRIAN MARKOWITZ | ) ) | AND ORDER |
| Defendant | ) | |

This is a diversity action for breach of contract, misappropriation/conversion of trade secrets, unjust enrichment, tortious interference with existing/prospective business relations, conversion, inevitable disclosure, tortious interference with a contract, breach of fiduciary duty, breach of duty of loyalty, and unfair competition.  The defendant, Brian Markowitz ("Markowitz"), was an employee of plaintiff, Tranzonic Companies ("Tranzonic") and CCP Industries, Inc. ("CCP") (collectively "plaintiffs"), such employment being governed by an Employment Agreement.  Tranzonic manufactures and distributes personal care products, cleaning and safety products and industrial textiles worldwide.  Markowitz's primary responsibility was to enhance and strengthen the relationship between Tranzonic and its key vendors and

customers.  According to plaintiffs' complaint, the Employment Agreement required Markowitz to perform his duties and responsibilities diligently, in good faith, in a manner he believed to be in the best interest of Tranzonic and in compliance with its practices and policies.  Tranzonic alleges that Markowitz illegally or improperly accepted money, gifts or other benefits from third parties, including Tranzonic's vendors.  This matter is before the Court upon Markowitz's motion to dismiss for improper venue, Rule 12(b)(3) of the Fed R. Civ. P. or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).  (Doc. 11).  The Court has also considered plaintiffs' memorandum in opposition (Doc. 15) and Markowitz's reply.  (Doc. 16).

## Motion to Dismiss

28 U.S.C. § 1391(a) provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in...(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

The defendant has the burden of proving that venue is improper. *Amphion, Inc. V. Buckeye Electric Co.*, 285 F. Supp.2d 943, 945 (E. D. Mich. 2003).  In order to succeed, Markowitz must show that no substantial part of the events giving rise to this claim occurred in the Northern District of Ohio.  See *First of*

*Michigan Corp. V. Bramlet,* 141 F.3d 260, 263 (6th Cir. 1998). Venue may be proper in more than one district. *IFL Group, Inc. v. World Wide Flight Service, Inc.*, 306 F. Supp.2d 709, 711 (E.D. Mich. 2005). The facts are not weighed to see which district has a more substantial connection to events giving rise to the action. *Id*. So if a substantial part of the events occurred here, venue would still be proper in this district even if a majority of events occurred elsewhere. *Id.*

Markowitz argues that the following facts show that a substantial amount of the events giving rise to this action occurred in the Southern District of Florida. Essentially he claims that at all times material to this action, he was employed and headquartered in Miami - Dade County, Florida so that any action on his part occurred there. If he had improperly received money and gifts and other benefits from third parties as alleged, this would have happened in Florida. Markowitz states that he only traveled to Tranzonic's Ohio headquarters on rare occasions. He visited the Cleveland office between one and three times over the past five years. Not one of Tranzonic's vendors or suppliers is located in Ohio.

Tranzonic argues that the State of Ohio has played the most significant role in the parties' relationship. In 1995, Markowitz sold his company to CCP. The Asset Purchase

3

Agreement provided that it was to be governed and construed in accordance with Ohio law. Markowitz appeared in Ohio and signed the Asset Purchase Agreement and executed his Employment Agreement here. He then became vice president of CCP, an Ohio corporation. The vendor involved in Markowitz's allegedly illegal activity resides in North Carolina. Tranzonic also alleged that Markowitz conspired with other vendors located outside Florida. These North Carolina transactions originated in Ohio with the issuance of a purchase order from the company computer system. This vendor created the fraudulent invoices and sent them to Ohio to be paid. Once Markowitz approved payment, Tranzonic would issue payment from Ohio. Further, the Employment Agreement contains the following forum selection clause:

> Each of the parties hereto hereby irrevocably and unconditionally submits for itself and its property, to the non-exclusive jurisdiction of any Ohio or Florida state court or federal court of the United States of America sitting in Cuyahoga County, Ohio or Dade County, Florida, and any appellate court from any thereof, in any action or proceeding arising out or relating to this Agreement. . .

The forum selection clause allows jurisdiction in Ohio and Florida. After considering these facts, the Court concludes that a substantial part of the events occurred in Ohio precluding dismissal for improper venue.

Motion to Transfer

In the alternative, Markowitz has moved to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

As with a motion to dismiss for improper venue, the moving party (Markowitz) has the burden of demonstrating that the factors set forth in § 1404(a) favor transfer. *IFL Group, Inc. v. World Wide Flight Service, Inc.*, 306 F. Supp.2d at 712. Markowitz resides in Florida and his actions there contributed to this cause of action. In addition, the forum selection clause allows the case to be filed in Florida. Thus, Tranzonic could have brought this action in the Southern District of Florida.

The factors to be considered by the Court in deciding whether the action should be transferred are convenience of the parties, convenience of the witnesses, and the interest of justice. Additional factors include the ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, the cost of obtaining willing witnesses and practical problems indicating where the case can be tried

more expeditiously and inexpensively.  *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947); *Moses v. Business Cards Express, Inc.,* 929 F.2d 1131, 1136-37 (6th Cir. 1991), *cert. denied,* 502 U.S. 821 (1991); *Commissioner of Insurance of Michigan v. DMB Kyoto Plaza Shopping Center, L.L.C.,* 42 F. Supp.2d 726, 735 (W.D. Mich. 1998); *MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L. C.,* 23 F. Supp.2d 729, 738-39 (E.D. Mich. 1998).  The Court must balance the inconvenience to the parties but the plaintiff's choice of forum is an important factor to be considered in determining the balance of convenience.  *Jamhour v. Scottsdale Ins. Co.,* 211 F. Supp.2nd 941, 947 (S.D. Ohio 2002); *Mead Data Central, Inc. v. West Publishing Co.,* 679 F. Supp. 1455, 1465 (S.D. Ohio 1987).

  Examination of the affidavits of Markowitz and Christopher T. Cira, Chief Financial Officer of Tranzonic and CCP, shows that the convenience of the parties and the witnesses does not favor transfer.  Markowitz has nine potential witnesses who are residents of Florida.  He lists six North Carolina witnesses, which of course favors neither party.  Also included are witnesses located in South Carolina, Pennsylvania, Massachusetts, Louisiana, New Jersey, Georgia,

Alabama and Oregon. These witness can travel to Ohio as well as Florida.

Plaintiffs list fourteen potential Ohio witnesses. Neither party informs the Court of the essence of their witnesses' testimony. Also, Tranzonic states, without contradiction, that the majority of documents that are in the possession of the parties, including purchase orders, receiving reports, production sheets and copies of all checks, are contained in the companies' Accounts Payable Department located in Ohio.

The forum selection clause is non exclusive. It provides for jurisdiction in Ohio or Florida. Thus, the Court will not transfer this action based on the forum selection clause. As discussed above, Markowitz has not shown that the convenience of the parties and witnesses and accessability of sources of proof require transfer.

Accordingly, Markowitz's motions to dismiss for improper venue and to transfer are denied. (Doc. 11).

IT IS SO ORDERED.

Date: May 24, 2005.            /s/ Paul R. Matia
                               UNITED STATES DISTRICT JUDGE

7

CERTIFICATE OF SERVICE

A copy of this Memorandum of Opinion and Order was filed electronically this 24th day of May, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Paul R. Matia
UNITED STATES DISTRICT JUDGE
